**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
1024 IRON POINT ROAD
FOLSOM, CALIFORNIA 95630
TELEPHONE: (916) 357-6701
FAX: (916) 920-7951
E mail: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
CHARLES ALEXANDER

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:12-CR-00221—MCE |
| ) | |
| PLAINTIFF, ) | AGREEMENT AND STIPULATION OF THE PARTIES TO CONTINUE THE STATUS CONFERENCE TO THURSDAY, NOVEMBER 21, 2013 WITH TIME EXCLUDED UNDER THE SPEEDY TRIAL ACT AND ORDER |
| ) | |
| v. ) | |
| ) | |
| CHARLES ALEXANDER, et al., et al., ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |
| ) | |
| _____ ) | |

   The parties to this litigation, the United States of America, represented by Assistant United States Attorney, Paul Hemeseth, and the defendant, Charles Alexander, by and through his court appointed counsel of record, James R. Greiner, hereby stipulate as follow:[1]:

   1- By previous order, this matter was set for status on Thursday, August 29, 2013, see docket number 35, minutes of Status Confernece held on May 30, 2013.

   2. By this Stipulation, the defendant now moves to continue the status conference until Thursday, November 21, 2013,  and to exclude time pursuant to the

---

[1] The government requested that the format presented in this stipulation be used by the parties.

1

1  Speedy Trial Act between Thursday, August 29, 2013 and Thursday, November 21,
2  2013, under Local Codes T-2 (complexity)  and T-4 (time for adequate attorney
3  preparation). The government does not oppose this request.
4         3. The parties agree and stipulate to the following and request the Court to find
5  the following:
6             a. The Indictment in this case charges in Count One Possession with
7  Intent to Distribute Oxycodone (Title 21 U.S.C. section 841(a)(1) and Count two
8  Possession with Intent to Distribute Methadone (Title 21 U.S.C. section 841(a)(1). In
9  addition, the government has alleged that Charles Alexander has suffered two prior
10 drug felony convictions out of Los Angeles County one in 2002 and one in 2004.
11            b. Defense counsel for the defendant requests additional time to review
12 documents, to do further investigation into the alleged prior felony convictions, time
13 to consult with the client. In addition, the Assistant United States Attorney on the case
14 has just been recently assigned and time is needed to re-new discussions about the
15 case including but not limited to potential resolution of the case short of trial.
16            c. Counsel for defendant Charles Alexander represents to the Court that a
17 failure to grant the above-requested reasonable requested continuance would deny
18 Counsel for defendant Charles Alexander the reasonable time necessary for effective
19 preparation, taking into account the exercise of due diligence.
20            d. Counsel for all defendants represents that the failure to grant the above
21 requested continuance would deny counsel for each individual defendant the
22 reasonable time necessary for effective preparation, taking into account the exercise of
23 due diligence.
24            e. The government, based on all of the above, does not object to the
25 continuance.
26            f. Based on the above stated findings, the ends of justice served by
27 continuing the case as requested outweigh the interest of the public and the defendant
28

in a trial within the original date prescribed by the Speedy Trial Act.

      g. For the purpose of computing the time under the Speedy Trial Act, Title 18 U.S.C. section 3161, et seq., within which trial must commence, the time period from Thursday, August 29, 2013, 2012 to and including, Thursday, November 21, 2013, inclusive, is deemed excludable pursuant to Title 18 U.S.C. section 3161(h)(7)(A, (B)(ii) and (iv) corresponding to Local Codes T-2 and T-4, because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and all of the defendants in a speedy trial.

    4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

    The attorney for the government has granted James R. Greiner full authority to sign for the attorney for the government.

Respectfully submitted:

                        BENJAMIN B. WAGNER
                        UNITED STATES ATTORNEY

DATED: 8-27-13        /s/ PAUL HEMESETH
                        _____
                        PAUL HEMESETH
                        ASSISTANT UNITED STATES ATTORNEY
                        ATTORNEY FOR THE PLAINTIFF

DATED: 8-27-13        /s/ JAMES R. GREINER
                        _____
                        JAMES R. GREINER
                        Attorney for Defendant
                        Charles Alexander

# ORDER

IT IS SO FOUND AND ORDERED. The status conference currently set for August 29, 2013, is hereby vacated and **continued to November 21, 2013, at 9 a.m.** in Courtroom 7. The time period between August 29, 2013 and November 21, 2013, is excluded under Local Codes T-2 and T-4 for the reasons set forth above. The Court finds that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

IT IS SO ORDERED.

Date: August 27, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT