JAMES R. GREINER, ESQ.
CALIFORNIA STATE BAR NUMBER 123357
LAW OFFICES OF JAMES R. GREINER
1024 IRON POINT ROAD
FOLSOM, CALIFORNIA 95630
TELEPHONE: (916) 357-6701
FAX: (916) 920-7951
E mail: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
CHARLES ALEXANDER

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:12-cr-00221-MCE |
| ) | |
| PLAINTIFF, ) | STIPULATION AND PROPOSED |
| ) | ORDER TO CONTINUE THE |
| v. ) | STATUS CONFERENCE TO |
| ) | THURSDAY |
| CHARLES ALEXANDER, et al., ) | JULY 31, 2014 |
| ) | |
| DEFENDANTS. ) | |

The parties to this litigation, the United States of America, represented by Assistant United States Attorney, Paul A. Hemesath, and for the

[Pleading Title] - 1

defendants: Michael B. Bigelow, representing Jusstanene King and James R. Greiner, representing Charles Alexander, , hereby agree and stipulate to the following[1]:

    1. By this Stipulation, the defendants collectively now move to continue the status conference until Thursday, July 31, 2014 and to exclude time pursuant to the Speedy Trial Act between Thursday, May 1, 2014 to and including Thursday, July 31, 2014, under Local Code T-4 (time for adequate attorney preparation), which corresponds to Title 18 section 3161(h)(7)(A) and (h)(7)(b)(iv). The government has produced the following discovery in the case and does not oppose this request. The parties agree and stipulate to the following and request the Court to find the following:

        a. The government has produced discovery which consists of reports and statements and investigation by the government;

        b. Counsel for all defendants need additional time to review all of the discovery in light of the new proposed Advisory Sentencing Guidelines which may take effect later on this calendar year, review all the discovery with their respective clients as well as discuss the new proposed Advisory Sentencing

---

[1] The government requested that the format presented in this stipulation be used by the parties.

Guidelines which may take effect later on this calendar year , to conduct investigation into this case in light of the possible new Advisory Sentencing Guidelines, do legal research into the potential ramifications of the new proposed Advisory Sentencing Guidelines, which includes legal research, in this case, and to otherwise do review and investigation, using due diligence, that this case requires;

    c. Counsel for all defendants represent that the failure to grant the above requested continuance would deny counsel for each individual defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d. The government and the defense will also continue its discussions in resolving this case short of trial which will require the government to produce to the defense a proposed written plea agreement which defense counsel will need additional time to review, review with their respective clients, and to review in light of both the now existing Advisory Sentencing Guidelines and the potential new Advisory Sentencing Guidelines.

    e. The government, based on all of the above, does not object to the continuance.

    f. Based on the above stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and all the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g. For the purpose of computing the time under the Speedy Trial Act, Title 18 U.S.C. section 3161, et seq., within which trial must commence, the time period from Thursday, May 1, 2014 to Thursday, July 31, 2014, inclusive, is deemed excludable pursuant to Title 18 U.S.C. section 3161(h)(7)(A) and (h)(7)(b)(iv), and (iv) corresponding to local code T-4, because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Each attorney has granted James R. Greiner full authority to sign for each individual attorney.

Respectfully submitted:

        BENJAMIN B. WAGNER
        UNITED STATES ATTORNEY

DATED: 4-28-14        /s/ Paul A. Hemesath

        _____
        Paul A. Hemesath
        ASSISTANT UNITED STATES ATTORNEY
        ATTORNEY FOR THE PLAINTIFF

DATED: 4-28-14   /s/ Michael B. Bigelow

_____
Michael B. Bigelow
Attorney for Defendant
Jusstanene King

DATED: 12-6-13          /s/ James R. Greiner

_____
James R. Greiner
Attorney for Defendant
Charles Alexander

## ORDER

IT IS SO FOUND AND ORDERED.

Dated:  May 2, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT